**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**MEMPHIS DIVISION**

---

**LIBERTY INSURANCE CORPORATION,**
      **Plaintiff/Counter-Defendant,**

**VS.**                                                 **Case No. 2:19-cv-02739**

**SHIRLEY TODD SAULSBERRY and**
**LOANCARE, LLC.,**

      **Defendants/Counter-Plaintiff.**

---

**DEFENDANT/COUNTER-PLAINTIFF'S FIRST INTERROGATORIES**
**PROPOUNDED TO PLAINTIFF/COUNTER-DEFENDANT**
**LIBERTY INSURANCE CORPORATION**

---

COMES NOW the Plaintiff, Shirley Todd-Saulsberry, pursuant to Rule 33 of the Federal Rules of Civil Procedure, and propounds unto the Plaintiff/Counter-Plaintiff/Counter-Defendant, Liberty Insurance Corporation, the following Interrogatories to be answered separately, in writing, and under oath within the time period prescribed by law, or at such earlier date as the parties may agree upon.  These Interrogatories are continuing in character so as to require you to file supplemental answers if you obtain further or difference information before trial.

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, when an Interrogatory requests or inquires of knowledge or information in the possession or under the control of the party served, such request or inquiry extends to the knowledge or information in the possession or under the control of the party served, its officers,

employees or agents (including its attorney) unless privileged. In addition, pursuant to Rule 26, all answers made are to be seasonably supplemented.

If you believe that any of the following discovery requested calls for information or documents subject to a claim of privilege, answer or produce so much as is not objected to, state that part of each discovery request as to which you raise objection and set forth the basis for your claim of privilege with respect to such in information as you refuse to give, including a statement identifying the nature of the information withheld.

**INTERROGATORY NO. 1:** State the full name, alias names, job title, address of all persons who assisted, in any way, in preparing the answers and responses to this First Set of Interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:** State the name of each agent, adjustors, investigators or other person who have been involved in handling this fire loss claim at issue. Further state for each person or entity:

(a) name, last known address, last known telephone number, last known email address;

(b) corporate title and the matter and manner which he was involved in the claims handling, investigation and evaluation of this claim; and

(c) whether or not each such person is currently employed with the above named defendant herein.

**ANSWER:**

**INTERROGATORY NO. 3:** Please set forth in complete detail the specific facts and matters upon which you base your refusal to pay Plaintiffs their entire claim at issue.

**ANSWER:**

**INTERROGATORY NO. 4:** State the name, telephone number, and address of each and every person you may and or will call as a witness at the trial in this matter, and for every witness state the following:

(a) the subject matter each witness is expected to testify;

(b) the substance of facts and/or opinions to which each person is expected to testify;

(c) a detailed summary of the grounds of each witnesses testimony.

**ANSWER:**

**INTERROGATORY NO. 5:** Please identify any and all written or verbal communications regarding requests, concerns, suggestions or other matters concerning the subject matter of the complaint.

**ANSWER:**

**INTERROGATORY NO. 6:** Please describe how the fire originated and the cause or origin of the fire.

**ANSWER:**

**INTERROGATORY NO. 7:** State the name of all persons you or your agents have interviewed or discussed this claim with concerning the fire or Liberty Insurance Corporation's refusal to pay the entire claim. Please provide the following:

  (a) the date of this communication;

  (b) the substance, and detail of this communication;

  (c) the date of any memorandum, audio tape, statement, note, report, correspondence and/or other document which reflects this communication; and

  (d) name, address, and telephone number with whom you had any conversation and/or communication.

 **ANSWER:**

 **INTERROGATORY NO. 8:** Please identify any and all documentary and/or tangible evidence that you may or will introduce at the trial of this cause whether for impeachment evidence, demonstrative evidence and/or otherwise.

 **ANSWER:**

 **INTERROGATORY NO. 9.:** Do you or anyone acting on your behalf representing you, including your attorney, have in their possession, custody, or control of documents, videos, audio tapes, photographs, and/or other forms of written and/or physical evidence containing the information relevant to this litigation.  If so, please identify such documents, photographs, and/or other written and/or physical evidence.

 **ANSWER:**

 **INTERROGATORY NO. 10.:** State with particularity and detail all facts upon which Liberty Insurance Corporation relies upon to justify failure to pay Ms.

Shirley Todd Saulsberry's claim for her fire loss at 99 South Walnut Bend Road, Cordova, Tennessee.

**ANSWER:**

**INTERROGATORY NO. 11:** State with particularity and detail all facts upon which you rely to limit your additional living expenses payments from

**ANSWER:**

**INTERROGATORY NO 12:** State with particularity and detail all facts upon which you base your refusal to pay for all damages caused by the fire.

**ANSWER:**

**INTERROGATORY NO. 13:** State the full name, alias names, job title, address of all persons who made the decision not to pay Shirley Todd-Saulsberry for her insurance loss and identify all documents replied upon in support of said decision.

**ANSWER:**

**INTERROGATORY NO. 14**: Identify each person whom you expect to call as an expert witness at trial.

**ANSWER**:

**INTERROGATORY NO. 15**:  For each expert identified in interrogatory number 14, state the subject matter on which said expert is expected to testify.

**ANSWER**:


**INTERROGATORY NO. 16**:  For each expert identified in interrogatory number 15, state the substance of the facts and opinions to which said expert is expected to testify.

**ANSWER**:


**INTERROGATORY NO. 17**:  For each said expert identified in interrogatory number 15 above, state a summary of the grounds for each opinion to which said expert is expected to testify.

**ANSWER**:

**INTERROGATORY NO. 18:**  Other than as previously set forth in the Answer to these Interrogatories, please state the identity of any individual who inspected the premises at 99 South Walnut Bend Road, Cordova, TN, Shelby County, Tennessee, subsequent to the fire.  For each person, stated:

(a) the identity of such individual;

(b) the date and time of the inspection;

(c) the area of the home inspected and the purpose for the inspection;

(d) the identity of any documents reflecting, reporting on or in any way relating to the inspection.

**ANSWER**:

**INTERROGATORY NO. 19.** State with particularity and detail all facts upon which you rely that Kenneth Todd was mentally competent and appreciate an intentional act of setting a fire.

**ANSWER:**

Respectfully submitted,

THE WALDROP FIRM, P.C.

/s/ David M. Waldrop
_____
David M. Waldrop        #13079
Attorney for Defendant/Counter-Plaintiff
9032 Stone Walk Place
Germantown, TN 38138
(901) 759-3489

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon:

Brian C. Neal
J. Matthew Kroplin
Burr & Forman, LLP
222 Second Avenue South
Suite 2000
Nashville, TN 37201

by placing the same in the U.S. Mail, postage prepaid, this 1st day of May 2020.

/s/ David M. Waldrop
_____
David M. Waldrop